UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHELE HARKINS, DAN HARKINS and GETAWAY CREW, LLC, | ) ) ) |
| Plaintiffs | ) ) ) |
| vs. | ) Cause No. 3:17-CV-853 RLM-MGG ) |
| THE RV FACTORY, LLC, | ) ) |
| Defendant | ) |

## OPINION AND ORDER

Defendant The RV Factory, LLC, filed a motion to strike the supplemental report of Dennis Bailey, an expert witness for the plaintiffs, arguing that the supplemental report presents new information and was untimely filed. Plaintiffs Michele and Dan Harkins and Getaway Crew, LLC, contend that Mr. Bailey's expert report was timely supplemented and is properly disclosed. For the following reasons, the court denies The RV Factory's motion.

Mr. and Mrs. Harkins brought this case against The RV Factory on breach of warranty and breach of contract claims, alleging that The RV Factory sold them a defective RV. Reports from retained experts filed under Rule 26(a)(2) were due from Mr. and Mrs. Harkins by January 14, 2019, reports from The RV Factory were due by February 14, and the discovery deadline was May 1. [Doc. No. 13]. The court directed the parties to exchange contentions and witness and

exhibit lists pursuant to Federal Rule of Civil Procedure 26(a)(3) by February 17, 2020. [Doc. No. 15].

On January 3, 2019, Mr. Bailey investigated Mr. and Mrs. Harkins's vehicle, a 2017 RV Factory Weekend Warrior. Mr. and Mrs. Harkins served The RV Factory with a timely expert report from Mr. Bailey nine days later. Mr. Bailey said that after looking at the plaintiffs' RV, he investigated another RV of the same make and model for a different case and did more research on a defect that he noticed on both vehicles. Mr. Bailey researched and spoke to RV dealers, and he concluded the defect he found on the Harkins RV could cause a fatal accident. He submitted a supplemental report to Mr. and Mrs. Harkins reflecting this opinion on May 2, and Mr. and Mrs. Harkins served the supplement to The RV Factory the same day. Four days later, The RV Factory deposed its own expert, who offered rebuttal testimony about the supplement at his deposition. The RV Factory also questioned Mr. Bailey about the supplement at his June 24 deposition.

A retained expert witness must produce a written report containing "a complete statement of all opinions the witnesses will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). An expert who has made a disclosure under Rule 26(a) must supplement or correct his disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Rule 26(e) "does not give the producing party a license to disregard discovery deadlines and to offer new opinions under the guise of the 'supplement' label." Allgood v. Gen.

2

Motors Corp., No. 1:02-CV-1077-DFH-TAB, 2007 WL 647496, at *3 (S.D. Ind. Feb. 2, 2007) (citing Solaia Technology LLC v. ArvinMeritor, Inc., 361 F.Supp.2d 797, 806 (N.D. Ill. 2005)). The rule allows a party to supplement or correct information, but it "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report[.]" Allgood v. Gen. Motors Corp., No. 1:02-CV-1077-DFH-TAB, 2007 WL 647496, at *3 (S.D. Ind. Feb. 2, 2007) (quoting Beller v. United States, 221 F.R.D. 689, 695 (D.N.M. 2003)). A supplemental report must be based on information that has become available since the expert filed his first report, not just on information that is new to the expert. Schmucker v. Johnson Controls, Inc., Case No. 3:14-CV-1593-JD, 2019 WL 718553, at *8 (N.D. Ind. Feb. 19, 2019) (distinguishing newly collected information from new developments). Additions or changes to a Rule 26(a)(2)(B) expert witness report must be disclosed by the Rule 26(a)(3) pretrial disclosures deadline. Fed. R. Civ. P. 26(e)(2). Unless it was substantially justified or harmless, a party's failure to comply with Rule 26 results in exclusion of the witness or information. Fed. R. Civ. P. 37(c)(1). Courts consider four factors in exercising discretion to admit or exclude: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003).

The RV Factory argues that Mr. Bailey's supplemental report offers new conclusions as to the safety of the Harkins RV and so is inadmissible under Rule

26. Mr. Bailey noted in his first report that the RV had structural damage below the bedroom slide out on the front driver's side "causing cracking in phylon" and that structural damage on the driver's side front was "causing the phylon to bulge." [Doc. No. 18-2 p. 3]. He also noted that the bedroom slide couldn't extend or retract. Id. At the end of his report, he concluded: "Did the RV's defects substantially impair the use and/or value and/or safety of the RV? They did." [Doc. No. 18-2 p. 45]. In his second report, Mr. Bailey's discussion of the slide out and the RV's safety is more detailed. He writes:

> It is also my opinion that after numerous attempts to repair the structural failure in the side-wall at the slide out front bottom corner, the structural fracture will increase during normal operation and therefore create a situation that is potentially dangerous to both the owner/driver/occupants and the general public. Therefore, due to this safety defect this Rv [sic] should not be used on public highways.

[Doc. No. 18-3 p. 2]. The RV Factory contends that because Mr. Bailey's first report didn't discuss how structural damage might impact the vehicle over time, this passage in the supplemental report is a new conclusion that can't be submitted under Rule 26. The Harkins argue that the disclosure was substantially justified because the second report's damage discussion is based on new information.

The report is based on new information in the sense that Mr. Bailey didn't know how the defect on the Mr. and Mrs. Harkins's RV might change or worsen over time until he saw another Weekend Warrior for another case. But the resources that helped Mr. Bailey reach that conclusion weren't a new development. The research methods he used and the information he uncovered

4

after inspecting the second Weekend Warrior were all available when Mr. Bailey wrote his first report, so the supplement isn't based on new information under Rule 26.

The RV Factory argues that the supplement should be excluded under Rule 37 because it was unjustified and harmful. The defendant contends that it will incur additional discovery costs if the report isn't stricken and that the court's discovery schedule will be undermined.

Based on the court's analysis of the four factors in David v. Caterpillar, the report was substantially justified and harmless. Under the first two factors, The RV Factory was not unduly prejudiced by the supplemental report and had opportunities to cure any prejudice that might have occurred. Mr. and Mrs. Harkins delivered the supplemental report four days before the deposition of The RV Factory's expert, but that deposition was conducted as scheduled and the expert was still able to offer rebuttal testimony. The RV Factory was able to question Mr. Bailey about the report at his own deposition. If The RV Factory felt it needed more time for discovery after receiving Mr. Bailey's supplement, it could have filed a motion to extend the discovery deadline for good cause.

The supplement, filed in May well before the Rule 26(a)(3) pretrial disclosures deadline, isn't likely to disrupt the trial based on the case's current deadlines. The proximity of the dispositive motion deadline might have been an issue for The RV Factory, but the parties have agreed to seek an extension of that deadline. [Doc. No. 26].

Finally, the report wasn't filed so late that it should be considered bad faith or willfulness on the plaintiffs' part. Mr. and Mrs. Harkins didn't file the supplement to bolster their position on a dispositive motion; none have been filed. Mr. Bailey investigated the second Weekend Warrior because a lawyer retained him in another case, not because Mr. and Mrs. Harkins requested supplemental research for an extra report. Mr. Bailey supplemented his report after concluding that the defect he observed on both vehicles is dangerous, testifying in his deposition that "someone could get killed." [Doc. No. 23-5, p. 3].

For the reasons stated above, the court DENIES the defendant's motion to strike the plaintiff's supplemental expert report. [Doc. No. 17].

SO ORDERED.

ENTERED:  September 19, 2019 

                 /s/ Robert L. Miller, Jr. 
                Judge, United States District Court