UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHELE HARKINS, DAN HARKINS and GETAWAY CREW, LLC, | ) ) ) | |
| Plaintiffs | ) ) ) ) | |
| vs. | ) ) ) | Cause No. 3:17-CV-853 RLM-MGG |
| THE RV FACTORY, LLC, | ) ) | |
| Defendant | ) | |

<u>OPINION AND ORDER</u>

Michelle and Dan Harkins filed a complaint against The RV Factory, LLC, alleging breach of warranty and violation of the Magnuson-Moss Warranty Act. The parties' cross motions for summary judgment are before the court. The court heard oral argument on June 18. For the reasons stated below, the court grants the defendant's motion and denies the plaintiffs' motion.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, we accept the non-movant's evidence as

true and draw all inferences in his favor. Id. at 255. The existence of an alleged factual dispute, by itself, won't defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); *see also* Fed. R. Civ. P. 56(e)(2).

Michelle and Dan Harkins bought a Weekend Warrior from The RV Factory in June 2016. They sold their home and planned to live in the RV full time with their children and travel the country. Mr. and Mrs. Harkins signed a one-year limited warranty when they purchased the vehicle. The warranty said, "Use of recreational vehicle for any commercial or rental purpose voids the warranty from the time that the vehicle is first used for a commercial or rental purpose and at all times thereafter."

Mr. and Mrs. Harkins signed the RV's warranty in their names, but they bought the vehicle in the name of Getaway Crew, LLC, a company which was formed for Mrs. Harkins's travel agency business. Mr. and Mrs. Harkins are the LLC's only two members. Mrs. Harkins testified during her deposition that she and her husband purchased the RV in the LLC's name for legal protection and tax purposes. The Harkins listed the RV as a piece of property "used 50% or less in a qualified business use" on the Getaway Crew's tax returns in 2016, 2017, and 2018. Mrs. Harkins also testified during her deposition that she operated her travel business from the RV while the Harkins were living in it. She said,

"Well, I have to work from home and I lived in [the RV] as my home… I made phone calls and worked on my computer as anybody does that telecommutes and works out of their home."[1]

The RV Factory argues that summary judgment should be granted in its favor because the plaintiffs used their RV for commercial purposes, voiding the warranty the plaintiffs wish to enforce.

The material facts are undisputed. A corporate entity, Getaway Crew, LLC, purchased the RV at issue. Mrs. Harkins testified that she and her husband purchased the vehicle in the LLC's name for tax benefits, and on Getaway Crew's tax returns, the RV was listed as a business expense. Mrs. Harkins said that she worked remotely out of the RV while her family was living in it. There is no genuine issue as to whether the plaintiffs used the RV for a commercial purpose. Mr. and Mrs. Harkins signed a limited warranty with The RV Factory that said the warranty would be void if the RV was used for a commercial or rental purpose.

The plaintiffs argue that genuine disputes of material fact exist because Mr. and Mrs. Harkins paid for the RV with their own money and because employees at The RV Factory knew that Mrs. Harkins intended to operate her business out of the RV while living in it. But these facts are immaterial. The

---

[1] The plaintiffs moved to strike portions of an affidavit submitted by the defendant, and the defendant filed two motions to strike portions of the plaintiffs' affidavits. Motions to strike are usually only granted when the contested evidence causes prejudice to the moving party. Kuntzman v. Wal-Mart, 673 F. Supp. 2d 690, 695 (N.D. Ind. 2009). That isn't the case here. The outcome is the same without reference to the evidence addressed by the motion to strike, so there's no need to strike the affidavits based on admissibility concerns.

source of the money used to buy the RV doesn't create a dispute as to whether a corporate entity signed the purchase agreement for the vehicle and included it as a business expense on its tax returns. The RV Factory's knowledge of Mrs. Harkins' plans to work out of the RV isn't material, either. The Harkins contend that The RV Factory waived its right to void the plaintiffs' warranty for commercial use by virtue of The RV Factory employees' knowledge that Mrs. Harkins had a travel business and knew that her family intended to move into their RV full time. But a right to void a warranty by conduct is "not the kind readily subject to waiver," and the plaintiffs haven't raised competent evidence that The RV Factory did waive it. Knopick v. Jayco, Inc., 895 F.3d 525, 530 (7th Cir. 2018).

The plaintiffs also argue that the warranty failed of its essential purpose, or alternatively, the defendant breached a contract with the plaintiffs because The RV Factory hasn't repaired their RV under the terms of the warranty.[2] But it was the plaintiffs, not the defendant, who by their actions voided the warranty.

---

[2] The parties also argue in the alternative about the validity of Section 2 of the limited warranty, titled "Disclaimer of Warranties." The defendant argues that the following language is enforceable:
> To the extent that applicable state and/or federal law prohibits the exclusion of any remedy permitted under state or federal law, any such remedy, including , but not limited to, Implied warranties of fitness, use, merchantability or purpose, is limited to one (1) , but not limited to, any Implied WARRANTY OF MERCHANTABILITY or FITNESS for a particular purpose.

[Doc. No. 38-6, p. 1]. Because the warranty is void for the reasons set forth in this opinion, the court needn't reach the merits of the parties' argument about this provision, but to the extent that the defendant argues that this provision limits the duration of the warranty in "clear and unmistakable language," [Doc. No. 38, p. 13] that argument is unpersuasive.

For the foregoing reasons, the court:

(1) GRANTS the defendant's motion for summary judgment [Doc. No. 35];

(2) DENIES the plaintiffs' motion for summary judgment [Doc. No. 33];

(3) DENIES the defendant's motions to strike [Doc. Nos. 51, 54]; and

(4) DENIES the plaintiffs' motion to strike [Doc. No. 53].

The Clerk is directed to enter the judgment accordingly.

SO ORDERED.

ENTERED:   June 25, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court